# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BEVERLY E. KNIGGE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 14-cv-0052 |
| THE DOROTHY PRUSEK, 401(k) PLAN, | ) Judge Sharon Johnson Coleman |
| DOROTHY PRUSEK, S.C., an Illinois | ) |
| corporation, and DOROTHY PRUSEK, M.D., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Beverly Knigge ("Knigge") filed a five-count complaint against the Dorothy Prusek 401(k) Plan (the "Plan"), corporate defendant Dorothy Prusek, S.C., and Dorothy Prusek, M.D. ("Prusek") (together "Defendants") alleging violations of the Employee Retirement Income Security Act ("ERISA") against Defendants (Count I), conversion against Prusek (Count II), unjust enrichment and violation of the Illinois Wage Payment Collection Act against Prusek and Dorothy Prusek, S.C. (Counts III and IV), and breach of contract against Dorothy Prusek, S.C. (Count V). Defendants move to strike from Count I the Plan as a party defendant and the jury demand. Defendants also move to dismiss Counts I and II for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the Court grants the motion to dismiss and denies the motion to strike as moot.

**Background**

The following facts are taken from the complaint and accepted as true for the purposes of ruling on the instant motions. Dorothy Prusek, S.C. is an Illinois corporation that operates a medical practice in Elmhurst, Illinois and offers its employees participation in the Plan. Prusek,

a primary care physician, is the president of Dorothy Prusek, S.C and administrator of the Plan. Knigge is a nurse practitioner. Dorothy Prusek, S.C. hired Knigge in June 2004 and offered her a compensation package that included participation in the Plan.

Under the Plan terms, Defendants agreed to deposit into the Plan account Knigge's elected deferred compensation and its employer contributions equal to three percent of Knigge's elected compensation. Around 2005, Defendants began depositing partial amounts of Knigge's elected deferred compensation and ceased their employer contributions. From 2007 to 2012, Prusek used portions of Knigge's elected deferred compensation for her own purposes. In May 2012, Knigge learned that Defendants had not been making deposits in the full amount of her elected deferred compensation and that they ceased their employer contributions. She was also informed that the Plan would be terminated due to Defendants' inactivity. On October 25, 2013, Knigge resigned her employment.

**Legal Standard**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint rather than the merits of the claim. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). When reviewing a defendant's Rule 12(b)(6) motion to dismiss, the Court accepts all well-pleaded factual allegations in the complaint as true and draws all reasonable inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007). Detailed factual allegations are not required, but the plaintiff must allege facts that when "accepted as true … state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the complaint's factual content allows the Court to

draw a reasonable inference that the defendants are liable for the misconduct alleged. *Id.*

**Discussion**

Count I

Count I is titled "Violations of ERISA," however, Knigge does not specify under which ERISA provision she brings her claim. ERISA provides that a civil action may be brought by a participant or beneficiary to recover benefits due to her under the terms of her plan, to enforce her rights under the terms of the plan, or to clarify her rights to future benefits under the terms of the plan. 29 U.S.C. § 1132(a)(1)(B). Additionally, under § 1132(a)(2) a participant or beneficiary may bring a civil action for breach of fiduciary duty for recovery to the plan, not individual beneficiaries. 29 U.S.C. §§ 1109, 1132(a)(2). Further, § 1132 (a)(3) authorizes a participant, beneficiary or fiduciary to bring an action for individual equitable relief for breach of fiduciary obligations. 29 U.S.C. § 1132(a)(3).

Knigge alleges that she was denied benefits because Defendants breached their fiduciary duties by failing to deposit the required employee and employer contributions, converting the would-be contributions for their own use and allowing the Plan to terminate due to inactivity. In doing so, she appears to allege facts that support a § 1132(a)(1)(B) claim for recovery of benefits and a claim for breach of fiduciary duty under § 1132(a)(2) for recovery to the Plan or under § 1132 (a)(3) for individual equitable relief. Defendants argue that Knigge's claim should be dismissed because it combines into one count multiple ERISA claims each with different appropriate defendants, elements to plead and available relief. They also argue that dismissal is warranted because Knigge's claim seeking monetary compensation for alleged breaches of fiduciary duties is pled under an ERISA provision that provides only for equitable relief.

Knigge attempts to clarify Count I in her brief, arguing that she has asserted claims under

3

Sections 1132(a)(1)(B) and 1132(a)(3). But accepting her factual allegations in the complaint as true and drawing all reasonable inferences in her favor, Knigge's ERISA claim is presumably brought under § 1132(a)(1)(B).[1] She does not seek equitable relief or recovery for the Plan. Instead, Knigge alleges that Defendants' misconduct resulted in denial of her benefits and thus she is suing to recover monetary compensation due to her under the terms of the Plan.

Defendants argue that Knigge's § 1132(a)(1)(B) claim should be dismissed because her complaint fails to address exhaustion. Although not required by the statute, the Seventh Circuit has interpreted ERISA as requiring exhaustion of administrative remedies prior to filing suit. *Schorsch v. Reliance Standard Life Ins. Co.*, 693 F.3d 734, 739 (7th Cir. 2012). Whether exhaustion is required in a particular case is a matter within the discretion of the trial court. *Edwards v. Briggs & Stratton Ret. Plan*, 639 F.3d 355, 361 (7th Cir. 2011). Courts may excuse a failure to exhaust where there is lack of meaningful access to review procedures or where pursuing internal remedies would be futile. *Id.* at 360-361. A lack of meaningful access to administrative procedures may be found where, for example, a claimant attempts to initiate higher levels of review but is denied access to those procedures, or where a claimant is not told a review procedure is available or how to file an appeal. *See Shine v. Univ. of Chicago*, No. 12 C 8182, 2013 WL 1290206, at *5 (N.D. Ill. Mar. 28, 2013) (Kendall, J.). To fall under the futility exception, a plaintiff must show certainty that her claims will be denied on appeal, and not merely that she doubts that an appeal will result in a different decision. *Ames v. Am. Nat'l Can Co.*, 170 F.3d 751, 756 (7th Cir. 1999).

Here, Knigge's claim does not contain any reference to exhaustion of her administrative

---

[1] If asserted, Knigge's § 1132(a)(3) claim would be dismissed. Section § 1132(a)(3) claims must be dismissed if relief may be obtained under § 1132(a)(1)(B). *See Varity v. Howe*, 516 U.S. 489, 512, 116 S. Ct. 1065, 134 L.E.2d 130 (1996); *Mondry v. American Family Mut. Ins. Co.*, 557 F.3d 781, 805 (7th Cir. 2009); *Roque v. Roofers' Unions Welfare Trust Fund*, No. 12 C 3788, 2013 WL 2242455, at *7 (N.D. Ill. May 21, 2013) (Durkin, J.). Because her alleged claims are identical, including the relief sought, her § 1132(a)(3) claim would be dismissed.

remedies or to facts that would indicate that an exception is applicable. Thus, she has failed to allege facts sufficient to show exhaustion prior to filing suit and her § 1132(a)(1)(B) claim is dismissed. *Schorsch*, 693 F.3d at 739. However, because Knigge may be able to cure this deficiency the Court will allow her leave to file an amended complaint.

Count II

Defendants argue that Knigge's conversion claim is completely preempted by ERISA. The statute itself provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan…" 29 U.S.C. § 1144(a). A state law may "relate to" a benefit plan, and thereby be pre-empted, even if the law is not specifically designed to affect such plans or the effect is only indirect. *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 139, 111 S. Ct. 478, 112 L. Ed. 2d 474 (1990). Moreover, the Supreme Court and the Seventh Circuit have instructed that ERISA "broadly" preempts state laws. *Kannapien v. Quacker Oats Co.*, 507 F.3d 629, 640 (7th Cir. 2007) (quoting *Egelhoff v. Egelhoff ex. rel. Breiner*, 532 U.S. 141, 146, 121 S. Ct. 1322, 149 L. Ed. 2d 264 (2001)). A state law claim is completely preempted by ERISA if (1) the claim could have been brought under ERISA § 1132(a)(1)(B), and (2) there is no other independent legal duty that is implicated by a defendant's actions. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210, 124 S. Ct. 2488, 159 L. Ed. 2d 312 (2004); *Franciscan Skemp Healthcare, Inc. v. Cent. States Joint Bd. Health & Welfare Trust Fund*, 538 F.3d 594, 597 (7th Cir. 2008).

Knigge concedes the first element, that her conversion claim seeks recovery of money under § 1132(a)(1)(B), but argues that there are other independent duties implicated by Dr. Prusek's alleged misconduct. (Pl. Br. at 7.) However, her conversion claim merely incorporates and otherwise mirrors the allegations of her ERISA claim. Both claims seek recovery of the

5

deferred compensation that would have been deposited into the Plan but for Prusek's alleged use of the money for her own benefit. Accordingly, Knigge has failed to plead or identify any legal duty implicated by Prusek that is independent of her ERISA claim. *See, e.g., Maatman v. Lumbermens Mut. Cas. Co.*, No. 09 C 5929, 2010 WL 415384, at *5 (N.D. Ill. Jan. 28, 2010) (Gottschall, J.) (finding no independence where allegations make clear that any duties owed and liabilities incurred by defendants were in connection with the ERISA plan). The conversion claim is completely preempted by ERISA and is dismissed.

**Conclusion**

For the foregoing reasons, Defendants' motion to dismiss [17] is granted and Counts I and II are dismissed without prejudice. Plaintiff is allowed leave to file an amended complaint within thirty days of entry of this order to cure, at a minimum, the deficiencies identified above. Failure to do so will result in the dismissal of the entire complaint as this Court would decline to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c). If Plaintiff cannot amend her complaint, then she can pursue her state law claims in state court. Defendants' motion to strike [12] is denied as moot.

SO ORDERED.

SHARON JOHNSON COLEMAN
United States District Judge

DATED: March 24, 2015