UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BEVERLY E. KNIGGE, ) | |
| ) | |
| Plaintiff, ) | Case No. 14-cv-0542 |
| ) | |
| v. ) | Judge Sharon Johnson Coleman |
| ) | |
| THE DOROTHY PRUSEK 401(K) PLAN, ) | |
| DOROTHY PRUSEK, S.C., AN ILLINOIS ) | |
| CORPORATION, AND DOROTHY ) | |
| PRUSEK, M.D., ) | |
| ) | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Beverly E. Knigge ("Knigge") filed a five-count amended complaint against defendants The Dorothy Prusek 401(k) Plan, Dorothy Prusek, S.C., an Illinois Corporation, and Dorothy Prusek, M.D. ("Prusek") alleging, as is pertinent here, breach of plan (Count I) and breach of fiduciary duties (Count II) in violation of the Employee Retirement Income Security Act of 1974 (ERISA). Defendants move to dismiss Count I for failure to state a claim and to dismiss Count II for lack of subject matter jurisdiction. For the reasons set forth below, the defendants' motion to dismiss [50] is denied.

**Background**

Unless otherwise noted, the following factual allegations are taken from the Amended Complaint and are accepted as true for the purposes of ruling on the instant motion. Prusek, a physician, is the president of Dorothy Prusek, S.C., an Illinois corporation operating a medical practice in Elmhurst, Illinois (Dkt. 44 ¶ 5). Knigge was employed as a nurse practitioner by Dorothy Prusek, S.C. from June 2004 until October 2013. (*Id.* ¶ 7). When Knigge was hired by Dorothy Prusek, S.C., part of her compensation package was enrollment in the Dorothy Prusek 401(k) Plan ("the Plan"), pursuant to which the defendants agreed to deposit Knigge's elected

1

deferred compensation into the Plan and to make an employer contribution equal to three percent of Knigge's compensation. (*Id.* ¶ 9). Dorothy Prusek, S.C. was the administrator of the Plan. (Dkt. 54 ¶ 2)[1]. Knigge was never provided with Plan documents or updates regarding the value of her 401(k) account. (Dkt. 44 ¶ 18).

The defendants failed to deposit portions of Knigge's elected deferred compensation into the plan such that, of $66.523.46 that Knigge elected to receive as deferred compensation between 2007 and 2011, the defendants only deposited $22,500.01 into the Plan. (*Id.* ¶ 13). The defendants, furthermore, did not make their employer contribution to the Plan after 2005, amounting to a total of $13,060.39 in missed employer contributions. (*Id.* ¶ 16). In 2012 Knigge was informed that the Plan was being terminated "because of the inactivity of Defendants." (*Id.* ¶ 17). On learning that the Plan was terminated, Knigge asked Prusek to reinstate the plan and deposit the missing contributions, but Prusek refused to do so. (*Id.* ¶ 19).

**Legal Standard**

A court must dismiss any action which lacks subject matter jurisdiction. The party asserting jurisdiction has the burden of establishing it under Rule 12(b)(1). *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443–44 (7th Cir. 2009). On a motion to dismiss for lack of subject matter jurisdiction, "the court is not bound to accept the truth of the allegations in the complaint, but may look beyond the complaint and the pleadings to evidence that calls the court's jurisdiction into doubt." *Bastien v. AT & T Wireless Servs.*, Inc., 205 F.3d 983, 990 (7th Cir. 2000); *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002). However, when reviewing a defendant's Rule 12(b)(6) motion to dismiss, the court accepts all well-pleaded factual allegations in the complaint as

---

[1] Knigge alleges that Dr. Prusek was the administrator of the plan. (Dkt. 44 ¶ 4). However, the Plan document, which was attached to the present motion, demonstrates that Prusek was in fact the plan trustee, while Dorothy Prusek, S.C. was the plan administrator. (Dkt. 50 19–29). *See Wright v. Assocs. Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994) ("[D]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim. Such documents may be considered by a district court in ruling on the motion to dismiss.").

true and draws all reasonable inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). Detailed factual allegations are not required, but the plaintiff must allege facts that when "accepted as true . . . state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

**Discussion**

*Count I*

Defendants contend that Count I must be dismissed because Knigge has failed to establish that she exhausted her administrative remedies prior to filing suit.[2] Although not required by statute, the Seventh Circuit has interpreted ERISA as requiring administrative exhaustion. *Schorsch v. Reliance Standard Life Ins. Co.*, 693 F.3d 734, 739 (7th Cir. 2012). Whether exhaustion is required in a particular case is a matter within the discretion of the trial court. *Edwards v. Briggs & Stratton Ret. Plan*, 639 F.3d 355, 361 (7th Cir. 2011). Courts may excuse a litigant's failure to exhaust administrative remedies "where there is a lack of meaningful access to review procedures, or where pursuing internal plan remedies would be futile." *Id.* at 360–61. A lack of meaningful access to administrative procedures exists when, for example, a claimant attempts to initiate higher levels of review but is denied access to those procedures, or where a claimant is not told a review procedure is available or how to access it. *Shine v. Univ. of Chicago*, No. 12 C 8182, 2013 WL 1290206, at *5 (N.D. Ill. Mar. 28, 2013) (Kendall, J.). To fall under the futility exception, a plaintiff must show certainty that her claims will be denied on appeal, and not merely that she doubts that an appeal will result in a different decision. *Ames v. Am. Nat'l Can Co.*, 170 F.3d 751, 756 (7th Cir. 1999).

---

[2] This Court declines to convert this motion into one for summary judgment because the matters outside the pleadings that have been presented predominantly concern, and are properly considered in relation to, the defendants' motion to dismiss Count II for lack of subject matter jurisdiction.

Knigge alleges, in pertinent part, that she was denied meaningful access to review procedures because she was never provided copies of Plan documents and was not otherwise informed how to pursue an appeal. Although defendants attempt to introduce contradictory evidence, at this stage in the proceedings Knigge's allegation that she was not informed of the available review procedures is adequate to survive the defendants' motion to dismiss. *See Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994) (documents attached to a motion to dismiss are considered part of the pleadings only if they are referred to in the plaintiff's complaint and are central to her claim).

Knigge also alleges that exhaustion would have been futile. Knigge asked Prusek, the President of Dorothy Prusek, S.C., to reinstate the Plan and to replace the missing funds, and Prusek refused to do so. Dorothy Prusek S.C. is also the administrator of the Plan such that Prusek, a solo practitioner, would be the ultimate arbitrator of any administrative proceeding that occurred. Accordingly, any attempt to appeal Prusek's refusal to remedy the situation would have been futile, because Prusek would be reviewing her own prior refusal to remedy the situation.[3] This Court further notes that, in light of the nature of the alleged violation, the relationship between the parties, and the amount of power seemingly vested in Prusek, the exhaustion requirement would have been unlikely to promote any of its intended purposes. *Cf. Edwards*, 639 F.3d at 360–61 (recognizing that exhaustion "promote[s] the consistent treatment of claims for benefits," "provide[s] a nonadversarial method of claims settlement," "minimize[s] the cost of claims settlement for all concerned," and "helps to prepare the ground for litigation" by developing the factual record and enabling the court to take advantage of agency expertise).

*Count II*

---

[3] This Court distinguishes this case from *Dale v. Chicago Tribune Co.*, 797 F.2d 458, 467 (7th Cir. 1986) and *Amato v. Bernard*, 618 F.2d 559, 569 (9th Cir. 1980). Those cases hold that the presence of a "neutral arbitrator" in the administration of initial, administrative ERISA procedures is unnecessary. Here, however, the desired relief had already been requested from and denied by the arbitrator, who was also the alleged wrongdoer, such that there could be no doubt how an arbitration would end.

4

Defendants also contend that Count II must be dismissed because the case is moot. Defendants assert that they hired an expert to determine the amount required to completely fund the benefits owed to Knigge under the Plan, and that they subsequently deposited that sum into the Plan for Knigge's benefit such that she has been made whole. Knigge's claim is not moot, however, because Knigge disputes the accuracy of the defendants' calculations and their assertion that the resurrection of the plan actually makes her whole. *See Gates v. Towery*, 430 F.3d 429, 432 (7th Cir. 2005) ("A defendant cannot simply assume that its legal position is sound and have the case dismissed [as moot] because it has tendered everything it admits is due."). Furthermore, the defendants' ignore Knigge's request for the reimbursement of her attorneys' fees and costs as allowed by statute, which would survive the mooting of her underlying claim for benefits. *Pakovich v. Verizon LTD Plan*, 653 F.3d 488, 493 (7th Cir. 2011).

**Conclusion**

For the foregoing reasons, defendants' motion to dismiss [50] is denied.

SO ORDERED.

_____
Sharon Johnson Coleman
United States District Court Judge

DATED: December 16, 2015